**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____    **Case #**

**SAMANTHA GALVEZ**
**on behalf of himself or herself and**
**all other similarly situated consumers**

            **Plaintiff,**

**-against-**

**ENCORE RECEIVABLE MANAGEMENT, INC.**

            **Defendant.**
_____

## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiff SAMANTHA GALVEZ seeks redress for the illegal practices of ENCORE RECEIVABLE MANAGEMENT, INC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## Parties

2. Plaintiff is a citizen of the State of New York who resides within this Judicial District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in *Olathe, KS.*

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA simultaneously advances two objectives: it protects vulnerable citizens while promoting a competitive  marketplace. 15 U.S.C. § 1692(e).The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993).  In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."  Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).

11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act."  Lesher, 650 F.3d at 997.

12.  Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13.   "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'"  FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'"  FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14.   The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455.

15.   "Congress also intended the FDCPA to be self-enforcing by private attorney generals." Weiss v. Regal  Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are  assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

16.  Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16).

## **Jurisdiction and Venue**

18. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

20. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq.

21. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

22. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff

23. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

24. On or about May 8, 2017, Defendant sent Plaintiff a collection letter attached as *Exhibit A*, which was an initial communication sent by the Defendant, and received by the Plaintiff.

25. On or about May 8, 2017, Defendant sent Plaintiff a collection letter attached as *Exhibit A* seeking to collect a balance allegedly incurred for personal purposes. Said letter states as follows:

> Note: As of the date of this letter, your Total Account Balance is $1,792.00 of which $316.00 represents the Total Amount Due. Your Total Account Balance and Total Amount Due on the day you pay may be greater than the amounts listed above as a result of finance charges, late fees, or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement. For further information, call or write us.

### First Count 15 U.S.C. §1692g and §1692e et seq.
### Failure to Adequately and Honestly Convey the Amount of the Debt

26. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

30. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether finance charges, late fees and/or other fees are accruing.

31. Upon information and belief, finance charges, late fees and/or other fees are accruing on the alleged debt.

32. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

33. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

34. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or finance charges that may cause the balance to increase at any time in the future.

35. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

36. The Letter failed to inform Plaintiff as to which amount listed is the actual amount of the debt due.

37. The Letter failed to inform Plaintiff whether the amount listed already includes "finance charges."

38. The Letter failed to inform Plaintiff whether the amount listed already includes "other fees."

39. The Letter failed to advise Plaintiff what portion of the amount listed is principal.

40. The Letter failed to inform Plaintiff whether the amount listed will increase.

41. The Letter failed to inform Plaintiff what "other fees" might apply.

42. The Letter failed to inform Plaintiff if "other fees" are applied, when such "other fees" will be applied.

43. The Letter failed to inform Plaintiff if "other fees" are applied, what the amount of those "other fees" will be.

44. The Letter failed to inform Plaintiff of the nature of the "other fees."

45. The Letter failed to inform Plaintiff if there is "finance charges," what the amount of the accrued finance charges will be.

46. The Letter failed to inform Plaintiff if there is "finance charges," when such finance charges will be applied.

47. The Letter failed to inform Plaintiff if there is "finance charges," what the finance charges rate is.

48. The Letter failed to inform Plaintiff if there is "finance charges," the amount of money the amount listed will increase per day.

49. The Letter failed to inform Plaintiff if there is "finance charges," the amount of money the amount listed will increase per week.

50. The Letter failed to inform Plaintiff if there is "finance charges," the amount of money the amount listed will increase per month.

51. The Letter failed to inform Plaintiff if there is "finance charges," the amount of money the amount listed will increase per any measurable period.

52. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

53. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

54. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

55. If finance charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable finance charges rate.

56. If finance charges is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued finance charges will be.

57. If finance charges is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such finance charges will be applied.

58. If finance charges is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period, or interest rate.

59. If "other fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other fees"[1].

60. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

61. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

---

[1] _Carlin v. Davidson Fink LLP_, 852 F.3d 207 (2d Cir. 2017), _Balke v. All. One Receivables Mgmt._, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in _Carlin_, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.") consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

62. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

63. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

64. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

65.The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

66. The Letter fails to indicate the applicable interest rate.

67. For instance, the Letter fails to indicate the date of accrual of interest.

68. For instance, the Letter fails to indicate the amount of interest during any measurable period.

69. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

70. The Letter fails to indicate the amount of late fees.

71. The Letter fails to indicate the date such fees will be added.

72. The Letter fails to indicate the amount of late fees during any measurable period.

73. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

74. The Letter fails to state what part of the amount stated is attributable to principal.

75. The Letter fails to state what part of the amount stated is attributable to interest.

76. The Letter fails to state what part of the amount stated is attributable to late fees.

77. The Letter fails to state what part of the amount stated is attributable to other fees.

78. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

79. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

80. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

81. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

82. The Defendant's failures are purposeful.

83. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other fees" might apply.

84. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other fees" will be applied.

85. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

86. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

87. The Letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

88. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

89. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

90. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

91. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

92. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

93. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

94. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

95. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

96. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

## Second Count
## Violation of 15 U.S.C. § 1692g

97. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

98. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any

portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request

within the 30-day period, the debt collector will provide the

consumer with the name and address of the original creditor,

if different from the current creditor.

99. Said letter attached as _Exhibit A_, was an initial communication to Plaintiff received from Defendant.

100. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

101. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

102. The Notice in said letter is inconspicuously placed on same, mixed in with various other federal and state law notices, some of which are in bold letters.

103. The Validation Rights Notice on said letter is not prominent and is overshadowed by other language in the letter, and is in violation of 15 U.S.C. § 1692g of the FDCPA.

104. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

105. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

106.    The written notice must contain the amount of the debt.

107.    The written notice must contain the name of the creditor to whom the debt is owed.

108. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

109. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

110. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

111. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

112. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

113. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

114. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

115.    While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is written in a font so small that it is difficult to read, and easy to overlook.


116. While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is written in a font so small that it encourages the least sophisticated consumer to believe that the language is unimportant.


117. While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is written in a font so small that it discourages the least sophisticated consumer from reading it.

118. Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

119. Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

120. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

121. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

122. Defendant's conduct would likely make the least sophisticated consumer overlook her rights.

123. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.

124. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

125. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

126. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

127. This cause of action is brought on behalf of Plaintiff and the members of a class.

128. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

129. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' finance chargess. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's finance chargess are consistent with those of the members of the class.

130. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the finance charges of judicial economy.

131. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

132. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."


133. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

134. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.


Dated: Nassau, New York
         January 17, 2018

                                            /s/ Jacob Silver
                                            _____
                                            Jacob Silver
                                            Attorney At Law
                                            237 Club Dr.
                                            Woodmere, NY 11598
                                            (718) 855-3835
                                            (718) 534-0057 – Fax
                                            silverbankruptcy@gmail.com